THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Damonte Dunham, Appellant.
 
 
 

Appeal From York County
 John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No.  2005-UP-151
Submitted March 1, 2005  Filed March 4, 2005

APPEAL DISMISSED

 
 
 
 Assistant Appellate Defender Eleanor Duffy Cleary, Office of Appellate Defense, of Columbia, for Appellant.
 Deputy Director for Legal Services Teresa A. Knox, Legal Counsel Tommy Evans, Jr. and Legal Counsel J. Benjamin Aplin, S.C. Dept. of Probation, all of Columbia, for Respondent.
 
 
 

PER CURIAM:  Damonte Dunham pled guilty to possession of crack cocaine with intent to distribute within proximity of a park (PWID) and possession of marijuana, second offense.  The circuit court judge sentenced Dunham to ten years imprisonment and a $10,000 fine suspended upon the payment of $1,000 and five years probation for PWID and a concurrent sentence of one year in prison suspended upon the service of five years probation for the possession of marijuana charge.  After Dunham violated several conditions of his probation, the judge revoked Dunhams probation in full.  Dunham appeals the revocation of his probation.  
Pursuant to Anders v. California, 386 U.S. 738 (1967), counsel for Dunham attached to the final brief a petition to be relieved as counsel, stating she had reviewed the record and concluded Dunhams appeal is without legal merit sufficient to warrant a new trial.  Dunham did not file a separate pro se response.
After a thorough review of the record pursuant to Anders and State v. Williams, 305 S.C. 116, 406 S.E.2d 357 (1991), we dismiss the appeal and grant counsels petition to be relieved.
APPEAL DISMISSED.[1]
ANDERSON and BEATTY, JJ., and CURETON, A.J., concur. 

[1] Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.